IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

LARRY DUNCAN WHITE, JR.,     *

      Plaintiff,     *

      v.     *     2:11-CV-806-WHA
          (WO)

TEADRIAN WHITE, *et al*.,     *

      Defendants.     *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate confined at the Houston County Jail in Dothan, Alabama, files this 42 U.S.C. § 1983 action against his ex-wife, Teadrian White, and her two minor children, C.H., and C.M.H.  Upon review of the complaint, the court concludes that this case is due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## I.  DISCUSSION

Plaintiff files this § 1983 complaint against his ex-wife and her two minor children alleging that in June 2011 they falsely accused him of rape and child abuse which subsequently led to his arrest and current incarceration on such charges. Plaintiff seeks damages of $50.00 a day for every day he is held in the Houston County Jail on the alleged

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

false charges.  (*Doc. No. 1*.)

The named defendants are not state actors. An essential element of a complaint filed pursuant to 42 U.S.C. § 1983  is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach '"merely private conduct, no matter how discriminatory or wrongful,"' *Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))." *American Manufacturers*, 526 U.S. at 49-50.  Consequently, "state action requires ***both*** an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' ***and*** that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)." *Id*.

Based on a review of the instant complaint, there is no indication that Defendants are state actors nor does the complaint allege that any actions taken by them can in any way be attributed to the State.  The court, therefore,  concludes that Plaintiff's complaint against

2

Defendants is frivolous and, therefore,  subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that  Plaintiff's complaint be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before **October 28, 2011**.  The parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

3

handed down prior to the close of business on September 30, 1981.

Done, this 11th day of October 2011.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE